# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JOHNSON,** | : | |
| Plaintiff, | : | Civil No. 3:12-CV-1842 |
| v. | : | |
| | : | (Mannion, D.J.) |
| **UNITED STATES DEPARTMENT OF JUSTICE and ERIC HOLDER, ATTORNEY GENERAL,** | : | (Carlson, M.J.) |
| Defendants. | : | |

## MEMORANDUM

Before the court is the report and recommendation, (Doc. No. 5), of Judge Martin C. Carlson recommending that plaintiff's complaint, (Doc. No. 1), be dismissed without leave to amend. In particular, Judge Carlson finds that plaintiff's claims are categorically barred by various principles of immunity and prohibitions against private criminal prosecutions in federal court. (Doc. No. 5.) After reviewing the record *de novo*, the court will adopt the report and recommendation and dismiss plaintiff's complaint with prejudice.

## STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the

court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**DISCUSSION**

As an initial matter, plaintiff's objections to the report and recommendation merely reiterate arguments made in his original complaint. Although he asks the court to dismiss the complaint without prejudice "in order to allow the plaintiff time to effectively compile the necessary facts and constitutional language to substantiate the grounds for complaint [sic]," (Doc. No. 6, at 1), he also challenges the constitutionality of judicial and

prosecutorial immunity, (Doc. No. 10), and continues to request criminal prosecution of the government officials involved.[1] (Doc. No. 13.) After a meticulous review of the record and a liberal interpretation of plaintiff's objections, the complaint will be dismissed with prejudice. Although the court would ordinarily grant plaintiff leave to amend, an amended complaint would prove futile in this case for the reasons explained below. (See Doc. No. 5, at 13-14; Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.")).

As Judge Carlson pointed out in his report, plaintiff's complaint contains various explanations of his personal constitutional interpretations. (Doc. No. 1.) For example, plaintiff states:

> [T]hat the declaration of immunity, by any person of a judicial and/or prosecutorial position who has violated either their oath or the law, is unconstitutional on its face. The implied powers of the judiciary does not extend to a blanket absolution of those who serve under color. Such is a clear self service that demonstrates a hypocritical "do as I say, not as I do" mentality which has absolutely no legal basis aside of the narrow agenda to which it is utilized. Yet its incorporation by the Department of Justice, and its utilization by the courts for those of its own, entirely usurp the standards outlined in the Constitution and the provisions provided to the judicial branch. (Doc. No. 1, at 2.)

Plaintiff continues to express his views, making out claims against the

---

[1]The court reads documents six, ten, and thirteen as plaintiff's objections to Judge Carlson's report and recommendation. Although documents ten and thirteen were untimely, the court has nonetheless considered them.

courts, federal prosecutors, and the Department of Justice. (Doc. No. 1, at 2-5.) However, as Judge Carlson noted, the courts and prosecutors are entitled to absolute immunity, so plaintiff cannot state a claim on which relief can be granted. In particular, judges are "immun[e] from suit, not just from ultimate assessment of damages." [Lash v. George, 12-CV-966, 2012 WL 6812446, \*4 (M.D.Pa. 2012)](citing [Mireles v. Waco, 502 U.S. 9 (1991)](). Judicial immunity may only be overcome where "a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of any jurisdiction." [Catanzaro v. Collins, 09-CV-922, 2010 WL 1754765, \*6 (M.D.Pa. 2010)](citing [Mireles v. Waco, 502 U.S. 9 (1991)](). Merely alleging that a judge acted in bad faith or with malice is insufficient to warrant a deviation from the settled doctrine of judicial immunity. Id.

In the present case, plaintiff writes extensively as to why he believes judicial immunity is unconstitutional. (Doc. No. 1, at 2-3.) Yet he makes no allegations that the judge presiding over his criminal trial acted outside the scope of judicial duties or without jurisdiction. Furthermore, there is no evidence that the United States District Court for the Northern District of Texas lacked jurisdiction to adjudicate his criminal charges.[2] Therefore, absolute judicial immunity bars plaintiffs claims, regardless of their merits.

---

[2]Plaintiff indicates that the alleged crime was committed in the Northern District of Texas, specifically Dallas, the same place he was prosecuted. (Doc. No. 6, at 3.) Under the applicable rules, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18.

4

Plaintiff next turns his attention to the federal prosecutors that were involved in his trial. (Doc. No. 1, at 3-4.) Government attorneys, like judges, enjoy absolute immunity "when performing official duties during a criminal prosecution of a defendant." Shreve v. Minium, 12-CV-2128, 2012 WL 6137992, *8 (M.D.Pa. 2012) (citing Sanders v. Downs, 420 Fed.Appx. 175, 180 (3d Cir. 2011)). Essentially, a prosecutor is entitled to absolute immunity if "she was functioning as the state's advocate while engaging in the alleged conduct that gives rise to the constitutional violation." Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006). Samuels v. Monroe County, 12-CV-2320, 2013 WL 504281, *2 (M.D.Pa. 2013). The Third Circuit has said:

> Following the Supreme Court's guidance, our prosecutorial immunity analysis focuses on the unique facts of each case and requires careful dissection of the prosecutor's actions. We have rejected bright-line rules that would treat the timing of the prosecutor's action (e.g. pre- or postindictment), or its location (i.e. in- or out-of-court), as dispositive. We have found these considerations relevant, however, to the extent that they bear upon the nature of the function the prosecutor is performing. Odd v. Malone, 538 F.3d 202, 210 (3d Cir. 2008).

Here, plaintiff does not claim that the prosecutor's actions fell outside the scope of his official duties; rather, he claims that every form of immunity is unconstitutional. (Doc. No. 1, at 3-4.) While this may be his opinion, it is certainly not the law. Yet even if plaintiff had argued the very limited exception to immunity, he would be unable to make such a showing here. His allegations state that prosecutors violated his rights by filing a criminal complaint against him and pursuing criminal convictions (Doc. No. 1, at 3-4.), which are clearly

discretionary functions protected by immunity. See Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (conferring immunity to "acts intimately associated with the judicial phase of the criminal process"); Fuchs v. Mercer County, 260 Fed. Appx 472, *476 (3d Cir. 2008) ("Prosecutors enjoy absolute immunity for the decision to initiate a prosecution."); Stankowski v. Farley, 487 F.Supp.2d 543, 552 (M.D.Pa. 2007) (whether to ask for a particular sentence is "intimately associated with the judicial phase of criminal proceedings."). As such, plaintiff's claim against the prosecutors who secured his conviction is barred by the doctrine of prosecutorial immunity.

Finally, plaintiff makes an untenable demand against the Department of Justice, (Doc. No. 1, 4-5), which Judge Carlson interpreted as a request to compel the agency to file a criminal complaint against the judge and prosecutors involved in plaintiff's criminal case.[3] (Doc. No. 5, at 6.) This court agrees with Judge Carlson's characterization that "private persons do not have a judicially cognizable interest in the prosecution of another," hence plaintiff's demand of the Department of Justice must fail. Kent v. Heridia, 478 Fed. Appx. 721, *723 (3d Cir. 2012) (quoting Linda R.S. v. Richard D. 410 U.S. 614, 619 (1973)).

Even assuming that the above claims had some merit, plaintiff has not chosen the proper district in which to voice his grievances concerning his

---

[3]Plaintiff's affidavit of March 19, 2013, further reiterates his demand that a criminal complaint be filed against the participants to this case. (Doc. No. 13.)

conviction. Plaintiff's exclusive remedy under the facts of this case is to bring an action under 28 U.S.C. §2255. See Cullett v. Ebbert, 13-CV-25, 2013 WL 101616, *2 (M.D.Pa. 2013) ("As a general rule, a §2255 motion supersedes habeas corpus and provides the exclusive remedy to one in custody pursuant to a federal court conviction.").[4] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. §2255(a).

Section 2255 requires a prisoner to file a petition with the court which imposed the sentence. 28 U.S.C. §2255(a) & (e).[5] Here, plaintiff was tried and

---

[4]Habeas corpus is the appropriate remedy when a prisoner seeks to challenge "the validity of the continued conviction or the fact or length of the sentence." Harris v. Dauphin County Courts, 12-CV-558, 2012 WL 1815627, *2 (M.D.Pa. 2012) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002). However, §2255 "supersedes habeas corpus and provides the exclusive remedy to one in custody pursuant to a federal court conviction." Cullett v. Ebbert, 13-CV-25, 2013 WL 101616, *2 (M.D.Pa. 2013). Because plaintiff is challenging the fact of his imprisonment and the length of the sentence imposed by a federal court, he must bring his claim under §2255. The only exception allowed by §2255 is where that section would be "inadequate or ineffective to test the legality of his detention. 28 U.S.C. §2255(e). Plaintiff has provided no evidence, nor is the court able to discern any reason, why §2255 would be an inadequate remedy in this case.

[5]Subsection (e) provides:

An application for a write of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application

7

sentenced in the Northern District of Texas, (Doc. No. 1, at 2), so the Northern District of Texas would be the proper and exclusive venue for his case.

Additionally, plaintiff makes a request for the production of certain items, including information about the security guard that reported his conduct, photos and videos from the bank security cameras, and other witness information. (Doc. No. 6, at 7.) To the extent that plaintiff is making a Freedom of Information Act (FOIA) request, his request should be addressed to the agency that has custody of the information he seeks. 5 U.S.C. §552 (detailing FOIA process). To the extent it can be construed as a request for discovery, it would be futile, unnecessary and will therefore be denied.

In essence, plaintiff is suing a federal judge and federal prosecutors for bringing a criminal complaint against him and sentencing him to prison. (Doc. No. 1, at 2-4.) Federal judges are absolutely immune from suit when acting in their judicial capacity, and federal prosecutors are immune when conducting activities "intimately associated with the judicial phase of criminal proceedings." Lash v. George, 12-CV-0966, 2012 WL 6812446, *4 (M.D.Pa. 2012) (judges); Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (prosecutors). All the defendants in this case satisfy their respective tests for application of absolute immunity. Plaintiff's complaint suffers from more than faulty word choice or procedural defects. Unfortunately for him, it

---

has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless . . . 28 U.S.C. §2255.

is clear that he cannot provide any argument that would support his entitlement to relief. As such, plaintiff's motion for leave to amend his complaint, (Doc. No. 10), and his motions to dismiss without prejudice, (Doc. No. 6), are **DENIED**. The complaint will be **DISMISSED WITH PREJUDICE**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: May 8, 2013

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1842-01.wpd